UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELLEN HANCOCK, <br> AS TRUSTEE OF THE <br> HILLMAN MATHER ADAMS <br> NORBERG TRUST, <br><br>     Plaintiff, <br><br>     v. <br><br> BLAIR HOUSE ASSOCIATES <br> LIMITED PARTNERSHIP, et al., <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) 2:21-mc-00270-JDL <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION TO WITHDRAW REFERENCE**

Ellen Hancock, as trustee of the Hillman Mather Adams Norberg Trust (the "Trust"), the petitioner in an involuntary proceeding filed under Chapter 7 of the Bankruptcy Code, moves to immediately withdraw the reference from the Bankruptcy Court (ECF No. 1). The Trust seeks to withdraw the reference so that it may bring counterclaims and crossclaims against new parties to the litigation, General Holdings, Inc. ("GHI") and its directors, Rosa Scarcelli and Thomas Rhoads, for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. The Trust contends that it is entitled to a jury trial on these claims in District Court. Blair House Associates Limited Partnership ("Blair House") and GHI object (ECF No. 4) to the motion to withdraw reference. For the reasons that follow, I deny the motion.

**I.  FACTUAL BACKGROUND**

This proceeding was initiated by the Trust's filing of an involuntary petition against Blair House under Chapter 7 of the Bankruptcy Code, pursuant to 11

1

U.S.C.A. § 303 (West 2022).  The Trust is the sole limited partner of Blair House, owning 99% of its equity interests.  GHI asserts that it is a general partner of Blair House and appeared in the proceedings in the Bankruptcy Court to defend the involuntary petition on behalf of Blair House. The Trust disputes GHI's status as a general partner.  The parties' partnership dispute is the subject of ongoing litigation in the Maine Superior Court.[1]  *See Hancock v. Blair House Assocs. Ltd. P'ship*, BCD-CIV-2021-00052 (Me. B.C.D. filed July 1, 2021).

The Bankruptcy Court dismissed the involuntary petition following briefing and oral argument.  Blair House, through GHI, then moved for attorney's fees and an award of punitive damages.  Upon finding that the Trust acted in bad faith in bringing the involuntary petition,[2] and that its filing was an abuse of bankruptcy law, the Bankruptcy Court ordered the Trust to pay Blair House's attorney's fees as well as an award of punitive damages.  The Bankruptcy Court further ordered the parties to confer regarding the amount of fees and the punitive damages award, and, if they failed to reach agreement, for Blair House to file an affidavit describing the requested amount of attorney's fees and stating its position with respect to an appropriate amount of punitive damages.  The parties were unable to agree, and GHI filed its

---

[1] The Trust asserted in the state court action that GHI lacks the authority to act on behalf of Blair House.  In this involuntary bankruptcy proceeding, however, the Trust initiated its petition against Blair House by serving process on GHI.  Based on this act, Chief Judge Cary of the U.S. Bankruptcy Court concluded that the Trust was precluded from arguing that GHI lacks standing in this proceeding.

[2] In support of the involuntary petition, the Trust asserted that the partnership has been legally dissolved such that GHI no longer had authority to act as a general partner for Blair House.  Chief Judge Cary determined that the state court proceedings made it "highly unlikely, if not impossible" that the Trust was unaware that there was an active bona fide dispute over GHI's status as a general partner such that a required element of an involuntary petition was missing, and for this reason the Trust could not have believed that the involuntary petition was sustainable and instead filed it improperly as part of the partnership dispute.  B.R. Docket No. 29.

affidavit and memorandum regarding attorney's fees and punitive damages on September 15, 2021. The Trust filed an objection, in which, for the first time, it raised cross-claims against new parties and counterclaims, and sought money damages. The Trust simultaneously filed the Motion to Withdraw Reference.

## II. DISCUSSION

This case presents the question of whether the withdrawal of reference from the bankruptcy court is mandatory, or should be granted permissively, in an involuntary proceeding where: (1) the Bankruptcy Court has dismissed the petition and found that it was filed in bad faith; (2) the Bankruptcy Court has ordered that attorney's fees and costs, as well as punitive damages, be awarded; and (3) the party who would be required to pay those fees files an objection that seeks to raise cross- and counterclaims for the first time. For the following reasons, I conclude that withdrawal of reference is not mandatory in this situation and that permissive withdrawal is not warranted.

### A.     Legal Standard

Federal district courts have jurisdiction over bankruptcy actions under 28 U.S.C.A. § 1334(b) (West 2022). Under the Local Rules of this district, bankruptcy proceedings are automatically referred to the bankruptcy judges of the district. D. Me. Loc. R. 83.6(a). However, district courts retain authority to withdraw the reference under appropriate circumstances. *See* 28 U.S.C.A. § 157(d) (West 2022). "To withdraw a bankruptcy reference, there must 'be a proceeding—a contested matter between a debtor and a creditor—in the bankruptcy court to be withdrawn.'" *In re AMR Corp.*, No. 12 Civ. 8180, 2013 WL 1155434, at *3 (S.D.N.Y. Mar. 21, 2013)

3

(quoting *In re Nibsco Supply, Inc.*, Nos. 96-CV-0741E(SC), 96-BK-13068B, 96-CV-0742E(SC), 96-BK-13069B, 1997 WL 311458, at *1 (W.D.N.Y. June 5, 1997)).

Bankruptcy courts may not conduct a jury trial unless all of the parties expressly consent, 28 U.S.C.A. § 157(e), and therefore "[a] valid jury demand without an accompanying consent to trial in bankruptcy court 'can have the effect of mandating withdrawal to the District Court for trial,'" *Turner v. Boyle*, 425 B.R. 20, 23 (D. Me. 2010) (quoting *Growe ex rel. Great N. Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492 (D. Me. 2005)). In this circumstance, withdrawal of reference is not mandatory "until the proceeding is ready for trial." *Id.* A district court must also withdraw and try "personal injury tort and wrongful death claims" that arise during a bankruptcy proceeding. 28 U.S.C.A. § 157(b)(5).

A district court also has the discretion to withdraw a bankruptcy case or proceeding "for cause shown." *Id.* § 157(d). "Although neither § 157 nor the First Circuit defines what constitutes 'cause,' courts in this District balance a variety of factors, including 'judicial economy; whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested.'" *Turner*, 425 B.R. at 24 (quoting *Growe*, 325 B.R. at 492). The party moving for withdrawal bears the burden of showing cause. *Id.*

**B. Analysis**

The Trust contends that its request for money damages, initially raised in its objection to GHI's memorandum regarding the proper amount of attorney's fees and

4

punitive damages, created a new adversary proceeding under the Bankruptcy Code and provides a procedural pathway to allow it to bring counterclaims and cross-claims and for the reference to be withdrawn. The Federal Rules of Bankruptcy Procedure do not support this argument. Although Federal Rule of Bankruptcy Procedure 7001(1) defines an adversary proceeding as "a proceeding to recover money or property," Federal Rule of Bankruptcy Procedure 7003 makes clear that an adversary proceeding must commence with the filing of a complaint. The Trust's objection was not a complaint, and thus did not create a new adversary proceeding. The Trust's attempt to raise cross-claims and counterclaims in an objection, after the proceedings in the Bankruptcy Court concluded but for determination of the amount of the fee award, are insufficient to show that there is a contested matter in the Bankruptcy Court to be withdrawn. Thus, the Trust's objection did not create an adversary proceeding despite its demand for money damages, and it does not open the door for it to assert counterclaims and crossclaims raising issues of state law.

The Trust also contends that withdrawal is mandatory because its Motion to Withdraw Reference requests a jury trial on its claims of breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty against Rosa Scarcelli and Thomas Rhoads, the Directors of GHI. However, as I have explained, at this stage in the proceedings in the Bankruptcy Court all that is left for determination is the amount to be awarded for attorney fees and costs. The issues that the Trust raises in its motion rehash arguments that it made previously to the Bankruptcy Court as to why it should not award attorney's fees and damages. The state law claims surrounding the dispute as to GHI's possible role as a general partner of Blair House were argued

5

to, considered, and rejected by the Bankruptcy Court, and they are also the subject of a separate, pending state court proceeding. The Trust's jury demand is nowhere near "ready for trial." *Turner*, 425 B.R. at 23. Thus, withdrawal is not mandatory on that basis.

The Trust argues, in the alternative, that permissive withdrawal of the reference should be granted. The Trust asserts that the interests of judicial economy, uniformity of bankruptcy administration, and conservation of parties' resources favor withdrawal, because the Bankruptcy Court cannot issue a final order in the case due to the state law questions raised in the Trust's Motion to Withdraw Reference. This argument is unavailing because the Bankruptcy Court has already issued a final order on the merits in this case and there is no need for it to resolve any remaining state law questions to settle the final outstanding matter—the amount of the fee award. These factors thus all militate against withdrawal. Considerations of judicial economy, as well as reducing both forum shopping and confusion, also weigh against withdrawal.

The Trust finally argues that its effort to remove the reference at this point is timely because efficiency calls for removal "at the beginning of the case, rather than at the end." ECF No. 1 at 11. This contention turns the actual history of this case on its head and ignores that the bankruptcy proceeding, which the Trust initiated in May of 2021, has concluded, save for the final determination of an appropriate fee award.

## III. CONCLUSION

For the foregoing reasons, the Motion to Withdraw Reference (ECF No. 1) is **DENIED**.

**SO ORDERED.**

**Dated: February 15, 2022**

                                                  **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**